IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DESERT ORCHID PARTNERS, L.L.C., individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>TRANSACTION SYSTEMS ARCHITECTS, INC., WILLIAM E. FISCHER, GREGORY J. DUMAN, DWIGHT G. HANSON, DAVID C. RUSSELL, GREGORY DERKACHT, and EDWARD FUXA<br><br>    Defendants. | 8:02CV553<br><br>ORDER |
| NANCY ROSEN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>TRANSACTION SYSTEMS ARCHITECTS, INC., WILLIAM E. FISCHER, GREGORY J. DUMAN DWIGHT G. HANSON, DAVID C. RUSSELL, GREGORY DERKACHT and EDWARD FUXA,<br><br>    Defendants. | 8:02CV561<br><br>ORDER |

   This matter is before the court on defendants' Motion for Judgment on the Pleadings, Filing No. 208 in 8:02CV553 and Filing No. 250 in 8:02CV561; plaintiffs' April 24, 2006 letter to the court, which will be construed as a motion for leave to file an amended complaint and has been filed, Filing No. 268 in 8:02CV553 and Filing No. 310 in 8:02CV561; and plaintiffs' motion to strike the letter, Filing No. 267 in 8:02CV553 and

Filing No. 309 in 8:02CV561. These are consolidated class action suits for securities fraud under sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), Rule 10b-5 of the Exchange Act, and 17 C.F.R. § 240.10b-5. The facts are adequately set forth in the court's previous orders and need not be repeated here. *See, e.g.,* Filing No. 96 in 8:02CV553.

In their Second Consolidated Class Action Complaint, Filing No. 98 in 8:02CV553 and Filing No. 140 in 8:02CV561, plaintiffs allege they, and others similarly situated, were defrauded by defendant Transaction Systems Architects, Inc. (TSA), and certain of its officers and directors, as the result of misrepresentations by TSA and a subsequent restatement of earnings.

In their motion for judgment on the pleadings, defendants contend that plaintiffs have not stated a claim for securities fraud in that they have failed to allege loss-causation, i.e., a causal connection between defendants' alleged misrepresentations and plaintiffs' economic loss. *See Dura Pharms., Inc. v. Broundo,* 544 U.S. 336, ---, 125 S. Ct. 1627, 1634 (2005) (holding that in a fraud on the market case, a plaintiff must plead, and ultimately prove, more than simply that the defendant's misrepresentation caused the stock price to be inflated). Judgment on the pleadings under Fed. R. Civ. P. 12(c) is appropriate only where the moving party has clearly established that there are no material issues of fact and the moving party is entitled to judgment as a matter of law. *Pothoff v. Morin*, 245 F .3d 710, 715 (8th Cir. 2001). The court must accept as true all facts as pleaded by the nonmoving party and grant all reasonable inferences in that party's favor. *Id.*

In opposition to the motion, plaintiffs contend that they have adequately pled loss causation in that they allege not only that the TSA's stock price was inflated but that information that cast doubt on defendants' allegedly false public disclosures was leaked

to the market causing the share price stock to fall in value before plaintiffs had sold all of their stock, even if the revelations did not amount to a specific "corrective disclosure." Alternatively, plaintiffs urge the court to grant leave to amend their pleadings in the event that the court finds plaintiffs' present allegations insufficient. The court has construed plaintiffs' letter to the court as a motion for leave to amend its complaint. Filing No. 268 in 8:02CV553 and Filing No. 310 in 8:02CV561.

In *Dura Pharmaceuticals*, the Supreme Court questioned any <u>automatic</u> assumption of causation linking an inflated price and subsequent economic loss after news of the deception is leaked, and found that an artificially high purchase price "is not <u>itself</u> a relevant economic loss," but merely "touches upon" the subsequent loss of value and does not necessarily cause the plaintiff economic loss, especially in light of the "tangle of factors affecting price." *Dura Pharms.,* 544 U.S. at ---, 125 S. Ct. at 1634, 1632. *Dura Pharmaceuticals* establishes that allegations of loss based <u>exclusively</u> on inflated stock price are insufficient. *Id.* The case does not, however, establish exactly what needs to be alleged to show that market awareness of a possible fraud caused a resultant drop in share value, other than to require that the allegations provide defendants with at least some "notice of what the economic loss might be or of what the causal connection might be between the loss and the misrepresentation." *Id.* at 1634 (noting that plaintiff's failure to allege that stock price fell substantially after truth was disclosed was fatal to claim). Although the court is inclined to believe that plaintiffs' complaint may meet this standard, it need not decide the issue, since the court finds plaintiffs should be granted leave to

3

amend the complaint to more clearly plead loss causation under the standards announced in *Dura Pharmaceuticals*. Accordingly, plaintiffs will be granted leave to amend.[1]

Defendants' motion for judgment on the pleadings will be rendered moot by the filing of an amended complaint, and will accordingly be denied without prejudice to reassertion with reference to plaintiffs' third amended complaint. Defendants' motion to strike the letter, construed as a motion for leave to amend, is also rendered moot by this resolution.

THEREFORE, IT IS ORDERED:

1. Plaintiffs' letter to the court, construed as a motion for leave to amend (Filing No. in 8:02CV553 and Filing No. 310 in 8:02CV561) is granted; plaintiffs shall file a third amended complaint within two weeks of the date of this order.

2. Defendants' motion for judgment on the pleadings (Filing No. 208 in case 8:02CV553 and Filing No. 250 in case 8:02CV561) is denied as moot.

3. Defendants' motion to strike (Filing No. 267 in 8:02CV553 and Filing No. 309 in 8:02CV561) plaintiffs' April 24, 2006 letter, construed as a motion for leave to amend, is denied as moot.

DATED this 17th day of May, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

[1] In the letter to the court, now construed as a motion, defendants urge the court to defer ruling on the motion for judgment on the pleadings pending resolution of the motion to intervene as representative plaintiff filed by the State of Louisiana District Attorney's Retirement System ("LDARS") (Filing No. 261 in 8:02CV553 and Filing No. 302 in 8:02CV561). The court expresses no opinion on that motion, which is not yet ripe for resolution.