IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DESERT ORCHID PARTNERS, L.L.C., individually and on behalf of all others similarly situated, | ) ) ) ) | 8:02CV553 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| TRANSACTION SYSTEMS ARCHITECTS, INC., WILLIAM E. FISHER, GREGORY J. DUMAN, DWIGHT G. HANSON, DAVID C. RUSSELL and EDARD FUXA, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| NANCY ROSEN, individually and on behalf Of herself and all others similarly situated, | ) ) ) | 8:02CV561 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| TRANSACTION SYSTEMS ARCHITECTS, INC., WILLIAM E. FISHER, GREGORY J. DUMAN, DWIGHT G. HANSON, DAVID C. RUSSELL and EDWARD FUXA, | ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter comes before the court on several motions filed by the parties. The motions are fully brief, except where noted below. The court will address each motion in turn.

This matter is a class action against the defendant Transaction Systems Architects, Inc. (TSA) and certain of its officers and directors. The complaints in the cases allege securities fraud under sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the Exchange Act), 15 U.S.C. §§ 78j(b) and 78t(a), Rule 10b-5 of the Exchange Act, and 17 C.F.R. § 240.10b-5. The Second Amended Complaint states the class is comprised of

persons who purchased TSA common stock from January 21, 1999, through November 18, 2002, which is defined as "the class period." **See** Filing No. 98 in Case No. 8:02CV553; Filing No. 140 in Case No. 8:02CV561. The individually named defendants are corporate officers of TSA who are alleged to have had access to proprietary information about TSA and are alleged to have made comments regarding TSA's financial condition at various times during the class period, resulting in an artificial inflation of the price of TSA common stock. The plaintiffs claim they relied on the misleading press releases, public filings, and reports regarding the market for TSA common stock. The plaintiffs assert they were without knowledge of the wrongful conduct of the defendants at the time they purchased or acquired the TSA common stock.

The plaintiffs have now filed a Motion to Withdraw Class Representative Roger M. Wally (Filing No. 217 in case 8:02CV553; Filing No. 259 in case 8:02CV561). In conjunction with that motion, the plaintiffs filed a motion to strike (Filing No. 216 in case 8:02CV553; Filing No. 258 in case 8:02CV561) the defendants' First Request for Admissions with respect to Mr. Wally. The parties did not file any briefs associated with the motion to strike. The defendants do not oppose the withdrawal of Mr. Wally, but state the factually history of the case supports an award of attorneys fees in favor of the defendants due to the expenses incurred related to Mr. Wally's participation in this case. The court finds good cause exists for the withdrawal of Mr. Wally as a class representative in this case and for striking the defendants' request for admissions served on Mr. Wally. However, the court finds no legal support for an award of attorneys fees in favor of the defendants.

Also in connection with Mr. Wally's motion to withdraw, the defendants filed a Motion to Preclude Cauley Bowman from Prosecuting this Case (Filing No. 224 in case 8:02CV553; Filing No. 266 in case 8:02CV561). The defendants contend that since the firm of Cauley Bowman represents Mr. Wally, if Mr. Wally no longer continues as a class representative, then the firm may no longer participate in this action pursuant to court orders and the PSLRA. However, the plaintiffs and Cauley Bowman argue they were given permission by the court to "delegate work responsibilities to selected counsel as may be

appropriate." **See** May 16, 2003 Court Order.  They also contend the PSLRA allows for the association.  Cauley Bowman filed an opposed Motion for Leave to File a Sur-reply Brief (Filing No. 250 in case 8:02CV553; Filing No. 292 in case 8:02CV561).

The court finds the defendants' motion was prematurely filed since it was filed before Mr. Wally was granted leave to withdraw as a class representative in this matter.  Further, under the circumstances of the case and this court's previous orders, the court will not now preclude lead counsel from associating with or delegating certain work responsibilities as may be appropriate to Cauley Bowman.  Therefore, the defendants' motion will be denied.  Cauley Bowman's motion for leave will be granted.  Upon consideration,

**IT IS ORDERED:**

1. The plaintiffs' Motion to Withdraw Class Representative Roger M. Wally (Filing No. 217 in case 8:02CV553; Filing No. 259 in case 8:02CV561) is granted.  The Clerk of Court shall terminated Roger M. Wally as a class representative in this matter.

2. The plaintiffs' motion to strike (Filing No. 216 in case 8:02CV553; Filing No. 258 in case 8:02CV561) is granted.  The defendants' First Request for Admissions with respect to Mr. Wally is quashed, no response from Mr. Wally is necessary.

3. The defendants' Motion to Preclude Cauley Bowman from Prosecuting this Case (Filing No. 224 in case 8:02CV553; Filing No. 266 in case 8:02CV561) is denied.

4. Cauley Bowman's Motion for Leave to File a Sur-reply Brief (Filing No. 250 in case 8:02CV553; Filing No. 292 in case 8:02CV561) is granted.  The attached brief is considered *instanter*.

DATED this 19th day of May, 2006.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge