# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DESERT ORCHID PARTNERS, L.L.C., individually and on behalf of all others similarly situated, | ) ) ) | 8:02CV553 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| TRANSACTION SYSTEMS ARCHITECTS, INC., WILLIAM E. FISHER, GREGORY J. DUMAN, DWIGHT G. HANSON, DAVID C. RUSSELL and EDWARD FUXA, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| NANCY ROSEN, individually and on behalf Of herself and all others similarly situated, | ) ) ) | 8:02CV561 |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| TRANSACTION SYSTEMS ARCHITECTS, INC., WILLIAM E. FISHER, GREGORY J. DUMAN, DWIGHT G. HANSON, DAVID C. RUSSELL and EDWARD FUXA, | ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter comes before the court on the plaintiffs' response (Filing No. 312 in case 8:02CV553; Filing No. 354 in case 8:02CV561) to the court's May 25, 2006 show cause order (Filing No. 301 in case 8:02CV553; Filing No. 343 in case 8:02CV561). The defendants did not file a response.

In the May 25, 2006 order, the court granted the defendants' motion to compel the plaintiffs to provide verification of the responses to interrogatories in compliance with Fed. R. Civ. P. 33(b) and complete responses to Interrogatory Nos. 12-16, contention interrogatories. In the order, the court denied the portion of the motion seeking clarification

regarding the language in the verification about the responses being "averred upon information and belief" rather than within the responder's actual knowledge.

The plaintiffs failure to provide verified and timely responses prompted the defendants to file the disputed motion to compel. The plaintiffs now admit they would have been better served by earlier providing the verifications sought by the defendants rather than submitting that issue to the court. However, the plaintiffs contend the dispute regarding the contention interrogatories was factually and legally justified. The plaintiffs emphasize the dispute was over the timing of the responses, as opposed to the plaintiffs' refusal to answer. The plaintiffs again complain answers to the discovery requests would have given the defendants a "roadmap" for later depositions. Further, the plaintiffs cite case law supporting their position that in some cases it is reasonable to postpone such responses until the close of discovery when the plaintiffs would not have to repeatedly update the responses.

The plaintiffs' position is not substantially justified. Federal Rule of Civil Procedure 33 explicitly requires interrogatory answers to be served within thirty days absent a court order or agreement, in writing, by the parties. **See** Fed. R. Civ. P. 33(b)(3); **see also** Fed. R. Civ. P. 29. Rule 33 also explicitly states:

> An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time.

Fed. R. Civ. P. 33(c) (emphasis added).

The plaintiffs acted in clear contravention of the civil rules. However reasonable a delay of the discovery responses may have been, initially, parties are not at liberty to disregard the rules of this court. Furthermore, the purpose of discovery is to allow the parties to gain, at least, the basic information necessary to prepare for trial or make an informed decision about settlement. **See** Fed. R. Civ. P. 26 advisory committee's note 1993 Amendments. Having such basic information about the elements of the plaintiffs'

2

claims may very well provide the defendants a "roadmap" for further discovery decreasing the time and cost of litigation.  **See** *id.*

Pursuant to Federal Rule of Civil Procedure 37(a)(4)(C):

> If the motion [to compel] is granted in part and denied in part, the court . . . may, after affording an opportunity to be heard, apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.

"A district court has wide latitude in imposing sanctions for failure to comply with discovery[.]" **Aziz v. Wright**, 34 F.3d 587, 589 (8th Cir. 1994).  "Rule 37 sanctions are to be applied diligently." **In re Stauffer Seeds, Inc.**, 817 F.2d 47, 49 (8th Cir. 1987).  Where the producing party's actions necessitate the motion to compel, or where the objections and failure to respond are not substantially justified, an award of sanctions is appropriate. **Starcher v. Corr. Med. Sys., Inc.**, 144 F.3d 418, 421-22 (6th Cir. 1998).  Further, a party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that his position is substantially justified.  **Rickels v. City of South Bend**, 33 F.3d 785, 787 (7th Cir. 1994).

"[A] party may not avoid sanctions merely by producing the documents after a motion has been filed." **Illinois Tool Works, Inc. v. Metro Mark Prods., Ltd.**, 43 F. Supp. 2d 951, 960 (N.D. Ill. 1999).  "To allow a party to avoid sanctions by such a contrivance would defeat the purpose of the rules, which is to promote voluntary discovery without the need for motion practice." **Illinois Tool**, 43 F. Supp. 2d at 960.  Furthermore, "[u]ltimate production of the material in question does not absolve a party where it has failed to produce the material in a timely fashion."  *Id.*

In determining whether a party's refusal or failure to timely provide discovery responses is "substantially justified," as required under Rule 37(a)(4), the court looks to whether or not there was a good reason to withhold the discovery.  One court has described "substantially justified" as follows.

> There is no bright line standard for "substantial justification," and courts must use discretion when deciding whether opposition to a motion to compel is substantially justified. "Whether opposition to a motion to compel is substantially justified depends on the circumstances of the particular case."

> However, courts have generally focused on "the quality of the justification and the genuineness of the dispute; where an impartial observer would agree that a party had good reason to withhold discovery," when determining whether opposition is substantially justified.

**Brown v. State of Iowa**, 152 F.R.D. 168, 173 (S.D. Iowa 1993) (internal citations omitted). The Advisory Committee Notes to the 1970 Amendments to Rule 37 indicate that, on many occasions, "the dispute over discovery between the parties is genuine, though ultimately resolved one way or the other by the court. In such cases, the losing party is substantially justified in carrying the matter to court." **See** Fed. R. Civ. P. 37(a)(4) Advisory Committee Notes (1970). "[T]he rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists." **Id.**

The plaintiffs have been afforded an opportunity to be heard, in accordance with Rule 37(a)(4)(C). The court finds the plaintiffs have failed to show substantial or legal justification for their failure to produce the requested verifications and discovery responses. The plaintiffs disregarded their duty under the rules and failed to provide substantial and legal justification for such actions. The plaintiffs' conduct required the defendants to file a motion to compel causing unnecessary expense, delay, and court intervention. Therefore, under the circumstances, the court will require the plaintiffs to pay a reasonable amount of the expense to the defendants for their filing of the February 14, 2006 motion to compel. Upon consideration,

**IT IS ORDERED:**

1. The defendants are awarded their reasonable costs and attorney's fees in bringing the sustained portion of the February 14, 2006 motion to compel.

2. Counsel for the parties shall confer on a reasonable amount to be awarded and, if there is agreement, shall file **on or before July 19, 2006,** a stipulation of the costs and fees to be awarded. In the event the parties fail to reach an agreement, the defendants may file **on or before July 24, 2006,** an application for the award of the costs and fees accompanied by an affidavit of such costs and fees, pursuant to NECivR 54.3 and 54.4. The plaintiffs shall have **until on or before July 31, 2006,** to respond to the

defendants' application. Thereafter, the issue of costs and sanctions will be deemed submitted and a written order entered.

DATED this 28th day of June, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge