# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DESERT ORCHID PARTNERS, L.L.C., individually and on behalf of all others similarly situated, | 8:02CV553 |
| Plaintiff, | |
| v. | ORDER |
| TRANSACTION SYSTEMS ARCHITECTS, INC., WILLIAM E. FISHER, GREGORY J. DUMAN, DWIGHT G. HANSON, DAVID C. RUSSELL and EDWARD FUXA, | |
| Defendants. | |
| NANCY ROSEN, individually and on behalf Of herself and all others similarly situated, | 8:02CV561 |
| Plaintiff, | |
| v. | |
| TRANSACTION SYSTEMS ARCHITECTS, INC., WILLIAM E. FISHER, GREGORY J. DUMAN, DWIGHT G. HANSON, DAVID C. RUSSELL and EDWARD FUXA, | |
| Defendants. | |

This matter comes before the court on a Motion to Intervene (Filing No. 261 in case 8:02CV553; Filing No. 303 in case 8:02CV561) filed by Louisiana District Attorneys Retirement System (LDARS); and the defendants' related Motion to Preclude Pomerantz from Prosecuting this Case (Filing No. 282 in case 8:02CV553; Filing No. 324 in case 8:02CV561). The motions are fully briefed.

## BACKGROUND

This matter is a class action against the defendant Transaction Systems Architects, Inc. (TSA) and certain of its officers and directors. The complaints in the cases allege securities fraud under sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the

Exchange Act), 15 U.S.C. §§ 78j(b) and 78t(a), Rule 10b-5 of the Exchange Act, and 17 C.F.R. § 240.10b-5.  The Second Amended Complaint states the class is comprised of persons who purchased TSA common stock from January 21, 1999, through November 18, 2002, which is defined as "the class period."  **See** Filing No. 98 in Case No. 8:02CV553; Filing No. 140 in Case No. 8:02CV561.  The individually named defendants are corporate officers of TSA who are alleged to have had access to proprietary information about TSA and are alleged to have made comments regarding TSA's financial condition at various times during the class period, resulting in an artificial inflation of the price of TSA common stock.  The plaintiffs claim they relied on the misleading press releases, public filings, and reports regarding the market for TSA common stock.

LDARS filed the motion to intervene in anticipation of Roger M. Wally withdrawing as a class representative and in response to the defendants' motion for judgment on the pleadings.  LDARS filed a brief (Filing No. 262 in case 8:02CV553; Filing No. 304 in case 8:02CV561) with an index of evidence (Filing No. 263 in case 8:02CV553; Filing No. 305 in case 8:02CV561) and a reply brief (Filing No. 280 in case 8:02CV553; Filing No. 322 in case 8:02CV561) with an index of evidence (Filing No. 281 in case 8:02CV553; Filing No. 323 in case 8:02CV561) in support of its motion.  Specifically, LDARS now seeks to intervene as a class representative so the class will be represented by a "hold through" class member subsequent to Mr. Wally's withdrawal.  LDARS held TSA shares purchased during the class period through the end of the class period.  LDARS contends the motion is timely under the circumstances and the defendants will suffer no undue prejudice if the intervention is allowed.  Early in this case, LDARS sought to be appointed as lead plaintiff, but withdrew from the case after Genesee County Employees' Retirement System was so appointed.  The plaintiffs support LDARS's intervention in this action.  **See** Filing No. 272 in case 8:02CV553; Filing No. 314 in case 8:02CV561.

The defendants oppose intervention and argue the motion is untimely, intervention will create new issues and delay the case, and LDARS is a poor class representative.  **See** Filing No. 274 in case 8:02CV553; Filing No. 316 in case 8:02CV561.  The defendants filed an index of evidence in support of their brief.  **See** Filing Nos. 275-279 in case 8:02CV553; Filing Nos. 317-321 in case 8:02CV561.

Also, in connection with its opposition of the intervention, the defendants filed a motion to preclude the law firm of Pomerantz Haudek Block Grossman & Gross LLP from participating in prosecuting this case.  **See** Filing No. 282 in case 8:02CV553; Filing No. 324 in case 8:02CV561.  The defendants filed a brief (Filing No. 283 in case 8:02CV553; Filing No. 325 in case 8:02CV561), a reply brief (Filing No. 309 in case 8:02CV553; Filing No. 351 in case 8:02CV561) and index of evidence (Filing No. 286 in case 8:02CV553; Filing No. 328 in case 8:02CV561) in support of the motion.  The defendants argue the firm has no client involved in the matter and did not otherwise have the court's permission or other authority for participating as counsel for the plaintiffs. The Pomerantz firm represents LDARS.  The Lead Plaintiff filed a brief (Filing No. 302 in case 8:02CV553; Filing No. 344 in case 8:02CV561) and an index of evidence (Filing No. 303 in case 8:02CV553; Filing No. 345 in case 8:02CV561) in opposition the defendants' motion.

## ANALYSIS

Whether to grant permissive intervention pursuant to Rule 24(b)(2) is wholly within the court's discretion *South Dakota v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003).  "In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b); **South Dakota**, 317 F.3d at 787 (finding undue delay or prejudice the "principal consideration").  Moreover, a court properly grants permissive intervention where (1) the motion is timely; (2) the movant shows independent jurisdictional grounds; and (3) the movant's claim or defense and the main action share common questions of law or fact. Fed. R. Civ. P. 24(b); **United States v. Union Elec. Co.**, 64 F.3d 1152, 1158-59, 1170 n.9 (8th Cir. 1995).  "In deciding whether to grant a motion to intervene, 'the timeliness requirement is of first importance.'"  **In re Sonus Networks, Inc. Sec. Litig.**, 229 F.R.D. 339, 345 (D. Mass. 2005) (citations omitted) (denying permissive intervention where motion filed over three years after case filed and two years after designation of lead plaintiff).

On May 17, 2006, the court allowed the plaintiffs an opportunity to amend their complaint and denied, as moot, the motion for judgment on the pleadings.  On May 19, 2006, the court granted Mr. Wally's motion to withdraw.  However, LDARS previously

3

participated in this lawsuit and asked to withdraw from the action stating it no longer desired to be a named party.  **See** Filing No. 29 in case 8:02CV553; Filing No. 56 in case 8:02CV561.  Furthermore, these actions were filed in November 2002, and have suffered many delays already.  In April 2004, the court set a deadline of June 11, 2004, to add parties.  In August 2004, after a telephone conference with counsel, the court set a deadline of August 13, 2004, for motions to add class representatives.  The deadline for completing discovery was near an end prior to the June 19, 2006 stay of the case.

Accordingly, although LDARS's claims and the main action share common questions of law and fact, the motion is untimely and the addition of LDARS at this late stage of the proceedings would unduly prejudice the defendants.  LDARS fails to show good cause for the untimely motion, which would unduly prejudice the defendants and create unjustified additional delays in this matter.  Therefore, LDARS's motion should be denied.  Concurrently, the defendants' motion to preclude LDARS's counsel from participating in this lawsuit will be granted.  Upon consideration,

**IT IS ORDERED:**

1. Louisiana District Attorneys Retirement System's Motion to Intervene (Filing No. 261 in case 8:02CV553; Filing No. 303 in case 8:02CV561) is denied

2. The defendants' Motion to Preclude Pomerantz from Prosecuting this Case (Filing No. 282 in case 8:02CV553; Filing No. 324 in case 8:02CV561) is granted, to the extent such counsel was participating solely as counsel for LDARS.

DATED this 5th day of July, 2006.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge