IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DESERT ORCHID PARTNERS, L.L.C., individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | 8:02CV553 |
| v. | ) ) | |
| TRANSACTION SYSTEMS ARCHITECTS, INC., WILLIAM E. FISCHER, GREGORY J. DUMAN, DWIGHT G. HANSON, DAVID C. RUSSELL, and EDWARD FUXA | ) ) ) ) ) ) ) | ORDER |
| Defendants. | ) ) | |
| NANCY ROSEN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | 8:02CV561 |
| v. | ) ) | |
| TRANSACTION SYSTEMS ARCHITECTS, INC., WILLIAM E. FISCHER, GREGORY J. DUMAN DWIGHT G. HANSON, DAVID C. RUSSELL, and EDWARD FUXA, | ) ) ) ) ) ) | ORDER |
| Defendants. | ) ) | |

This matter is before the court on defendants' motions for reconsideration and for oral argument, Filing Nos. 298 and 300 in 8:02CV553 and Filing Nos. 340 and 342 in 8:02CV561, of the court's order granting plaintiffs leave to file an amended complaint and denying defendants' motions for judgment on the pleadings and to strike as moot, Filing No. 290 in 8:02CV553 and Filing No. 332 in 8:02CV561.

A "motion to reconsider" is not authorized by the Federal Rules of Civil Procedure. *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). Thus, federal courts have construed this type of motion as arising under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason). *Id.* Defendants base their motion on Rule 60(b) of the Federal Rules of Civil Procedure. *See Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999) (noting that a motion for reconsideration not directed at a final judgment is a motion under Rule 60 (b)). Rule 60(b) "authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like)." *Id.* at 990. It is not a vehicle for simple reargument on the merits. *Id.* The rule also provides for relief from judgment or order "for any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Such relief, however, is an "extraordinary remedy" that is only justified by "exceptional circumstances." *Watkins v. Lundell,* 169 F.3d 540, 544 (8th Cir. 1999).

The motion for reconsideration is predicated on defendants' contention that they were not afforded an opportunity to respond to plaintiffs' motion for leave to amend because plaintiffs' motion was first submitted to the court as a letter and then construed by the court as a motion. The court notes that the letter was filed as a motion at the court's direction. See Filing No. 268 in 8:02CV553 and Filing No. 310 in 8:02CV561. Plaintiffs were provided a copy of the correspondence and in fact responded via a motion to strike. *See* Filing No. 267 in 8:02CV553 and Filing No. 309 in 8:02CV561. At issue in the various motions was the effect of the United States Supreme Court's decision in *Dura Pharm., Inc. v. Broudo,* 544 U.S. 336 (2005), on this action. In the briefs supporting and opposing the motions, as well as in other pleadings, defendants raised essentially the same arguments that they now make. All substantive issues were denied without prejudice to reassertion

2

with respect to the amended complaint.  The court considered defendants' position with respect to the *Dura Pharmaceuticals* issue and has also considered any additional arguments they make now.  The impact of *Dura Pharmaceuticals* on this action was adequately discussed in the court's earlier order and will remain the law of the case.  At any rate, plaintiffs' third amended complaint has now been filed, Filing No. 304 in 8:02CV553 and Filing No. 346 in 8:02CV561, and respondents have responded thereto.  See Filing No. 315 in 8:02CV553 and Filing No. 357 in 8:02CV561.  The court has carefully considered the respective positions of the parties and finds the motions for reconsideration should be denied.  The court further finds that oral argument is not necessary.

THEREFORE, IT IS ORDERED:

1.  Defendants' motions for reconsideration and for oral argument (Filing Nos. 298 and 300 in 8:02CV553 and Filing Nos. 340 and 342 in 8:02CV561) are denied.

DATED this 14th day of July, 2006.

BY THE COURT:

s/Joseph F.Bataillon
JOSEPH F. BATAILLON
United States District Judge