IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DESERT ORCHID PARTNERS, L.L.C., individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | 8:02CV553 |
| v. | ) ) | |
| TRANSACTION SYSTEMS ARCHITECTS, INC., WILLIAM E. FISCHER, GREGORY J. DUMAN, DWIGHT G. HANSON, DAVID C. RUSSELL, and EDWARD FUXA | ) ) ) ) ) ) ) | ORDER |
| Defendants. | ) ) | |
| NANCY ROSEN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | 8:02CV561 |
| v. | ) ) | |
| TRANSACTION SYSTEMS ARCHITECTS, INC., WILLIAM E. FISCHER, GREGORY J. DUMAN DWIGHT G. HANSON, DAVID C. RUSSELL, and EDWARD FUXA, | ) ) ) ) ) ) | ORDER |
| Defendants. | ) ) | |

This matter is before the court on plaintiffs' motions for an order requiring James J. Hayes to post an appeal bond, Filing Nos. 400 in 8:02-CV-553 and 426 in 8:02-CV-561. Appellant/interested party James Hayes objects to the motions. Filing No. 410 in 8:02-CV-553. Plaintiffs assert that the appeal is frivolous and seeks an appeal bond in the amount of $50,000.00. That amount includes the costs the plaintiffs will incur in holding its claims administration process in abeyance during the pendency of the appeal. In opposition to

the motion, appellant/interested party James Hayes asserts that this court lacks jurisdiction to rule on the motion and denies that the appeal is frivolous.

I. BACKGROUND

This court preliminarily approved a class action settlement on November 17, 2006. Filing Nos. 350 & 351 in 8:02CV553 and 391 & 392 in 8:02CV561. The court later considered and rejected James J. Hayes's objection to the class settlement. Filing No. 356 in 8:02CV553, Objection, and Filing Nos. 373 in 8:02CV553 and 407 in 8:02CV561, Orders. Hayes filed a Notice of Appeal on March 27, 2007, listing the issues on appeal as "Fairness of the Settlement, Adequacy of the Settlement Notice, and Reconsideration of class certification." Filing Nos. 375 in 8:02CV553 and 409 in 8:02CV561. The class settlement approved by the court provided for distribution of the settlement fund to authorized claimants in accordance with a plan of allocation and the determination of proofs of claim by a claims administrator. *See* Filing No. 350 in 8:02CV553 and 391 in 8:02CV561, Stipulation of Settlement. No motions to stay execution of the judgment or for a supersedeas bond have been filed.

In support of their motions, plaintiffs have shown that, consistent with their perceived fiduciary obligations to the Class, plaintiffs' counsel has instructed the settlement and claims administrator, Complete Claim Solutions, LLC ("CCS"), to suspend claims review, processing and auditing activities during the pendency of the appeal, but to continue to receive and log in proofs of claims, and to serve as a general repository and response center for class members. Filing No. 402 in 8:02CV553 and Filing No. 428 in 8:02CV561, Indices of Evidence, Affidavit of Thomas R. Glenn of CCS ("Glenn Aff.") at 2. Plaintiffs have shown that they will incur fees and expenses for this service of approximately

$3,000.00 per month during the pendency of the appeal, as well as a $4,000.00 "ramp up" charge at the conclusion of the appeal. *Id.,* Glenn Aff. at 3.

## II. DISCUSSION

Generally, a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. *Griggs v. Provident Consumer Discount Company,* 459 U.S. 56, 58 (1982). The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. *Id.*; *see also Gundacker v. Unisys Corp.,* 151 F.3d 842, 848 (8th Cir. 1998) ("Generally, a notice of appeal divests the district court of jurisdiction."). However, the jurisdictional transfer principle does not divest the district court of all jurisdiction—only of jurisdiction over "those aspects of the case involved in the appeal." *See Marrese v. American Acad. of Orthopaedic Surgeons,* 470 U.S. 373, 379 (1985). The district court retains jurisdiction to adjudicate matters collateral, or tangential, to the appeal. *Peters v. Jax*, 187 F.3d 829, 833 n.2 (8th Cir. 1999) (stating that a district court retains jurisdiction over collateral matters, such as attorney fees, while an appeal is pending).

Under the Federal Rules, a party is entitled to a stay of execution of the judgment as a matter of right if a supersedeas bond is posted. Fed. R. Civ. P. 62(d). Alternatively, a district court, in its discretion, may waive the bond requirement. *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988). *Id.* Also, the district court has discretion to order a partially secured or unsecured stay if the judgment creditor's interest in ultimate recovery is not unduly endangered. *Federal Prescription Service, Inc. v. American Pharm. Ass'n*, 636 F.2d 755, 760-61 (D.C. Cir. 1980).

The Federal Rules of Appellate Procedure provide that the district court "may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. Although the rule does not define what items are to be included in "costs on appeal," some courts have construed that provision as covering only "costs" within the meaning of Federal Rule of Appellate Procedure 39—meaning transcript fees, reporter's fees, filing fees, and copying fees. *In re American President Lines, Inc.,* 779 F.2d 714, 716 (D.C. Cir. 1985). Generally, Rule 7 does not authorize a district court to impose a bond that includes attorney's fees as "costs," unless authorized by an applicable fee-shifting statute in the underlying action that defines "costs" to include attorney's fees. *See Pedraza v. United Guar. Corp.,* 313 F.3d 1323, 1333-34 (11th Cir. 2002); *Talley v. United States Trust Corp., N.A.,* (*In re Heritage Bond Litig.*), 2007 U.S. App. LEXIS 11252, *7-*8, 2007 WL 1340633, *2 (9th Cir. May 8, 2007). The mere existence of a fee-shifting statute is not sufficient to include attorney's fees in a Rule 7 bond; rather, the statute must specifically define "costs" to include attorney's fees. *In re Heritage Bond Litig.,* 2007 U.S. App. LEXIS at 8. Neither the Private Securities Litigation Reform Act ("PSLRA") or the Securities Exchange Act contain fee-shifting provisions that define costs to include attorneys' fees. *See id.*; 15 U.S.C.A. §§ 77z-1(a)(6), 78u-4(a)(6)*.*

In the court's discretion, an appellant may nonetheless be required to post an appellate bond that includes anticipated attorney's fees if the court finds that the appeal is frivolous, unreasonable, or without foundation. *Young v. New Process Steel, LP,* 419 F.3d 1201, 1208 (11th Cir. 2005). Appellees remain largely protected against such baseless claims because appellate courts may dismiss frivolous claims at the outset and

4

because an award of fees and double costs can be awarded in such circumstances under Fed. R. App. P. 38. *See Pedraza,* 313 F.3d at 1333.

Plaintiffs are not entitled to an appeals bond that covers attorney's fees under the PLSRA. The court will not exercise its discretion to impose a sizeable bond that would include fees on appeal based on the assertion that the appeal is frivolous. In addition, the court notes that the execution of the judgment has not been stayed. Accordingly, it does not appear necessary to suspend the processing of claims pending appeal. The court finds an appeal bond in the amount of $5,000.00 should be sufficient to ensure payment of plaintiffs' costs on appeal.

THEREFORE, IT IS HEREBY ORDERED:

1. Plaintiffs' motion for an appeal bond is granted in part.
2. Appellant/interested party James J. Hayes shall post an appeal bond in the amount of $5,000.00 within ten days of the date of this order.

DATED this 24th day of July, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge